IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDE HARRIS,<br>　　Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| (SEPTA) SOUTHEASTERN<br>PENNSYLVANIA TRANSPORTATION<br>AUTHORITY, *et al.*,<br>　　Defendants. | :<br>:<br>: | NO. 17-4184 |

## MEMORANDUM

**Goldberg, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**October 20, 2017**

Plaintiff Claude Harris filed this civil action against the Southeastern Pennsylvania Transportation Authority ("SEPTA"), "Worker's Comp," "Christina Barbieri Assoc.," and "any third party that may be involved," pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Cons. Stat. §§ 951-963. He also filed a motion to proceed *in forma pauperis* and a request for the appointment of counsel. For the following reasons, I will grant Plaintiff leave to proceed *in forma pauperis*. However, I will dismiss Plaintiff's complaint and deny his request for the appointment of counsel.

### I.　　FACTS[1]

Plaintiff began working for SEPTA in 1989. He was injured in 1991 and was placed on light duty until 1992. Plaintiff last worked for SEPTA in 1992. Plaintiff subsequently filed a

---

[1] The following facts are taken from the complaint and the exhibits that Plaintiff included with the complaint.

1

workers compensation claim. He alleges that an appeal of that claim was granted in 2001 and that the appeal is still pending.

At some point in or after 1999, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On January 29, 2002, through a telephone conversation, the EEOC informed Plaintiff that "the last date of violation in the matter occurred in 1992." The EEOC determined that Plaintiff's charge of discrimination was untimely because Plaintiff did not file it within 300 days. The EEOC also concluded that "notwithstanding the expiration of statutory time limits for filing, the issues [Plaintiff] raise[d] fall within the purview of Workers Compensation." In a letter to Plaintiff dated January 31, 2002, the EEOC reiterated that no further action would be taken on Plaintiff's matter.

Plaintiff continued to pursue his charge with the EEOC. On July 26, 2017, the EEOC issued a Dismissal and Notice of Rights. In that document, the EEOC indicated that Plaintiff's charge was not timely filed with the EEOC because he "waited too long after the date(s) of the alleged discrimination to file [his] charge." On August 30, 2017, Plaintiff also received a letter from the Commonwealth of Pennsylvania's Human Relations Commission ("the Commission"). In that letter, the Commission informed Plaintiff that his complaint pursuant to the PHRA would not be accepted because it was untimely.[2]

The instant complaint followed. By marking the appropriate locations on the form complaint, Plaintiff indicated that SEPTA had discriminated against him by failing to hire him, terminating his employment, failing to promote him, failing to accommodate his disability,

---

[2] In this letter, the Commission referenced a previous letter written to Plaintiff on November 1, 2002. In that previous letter, Plaintiff had been informed that his PHRA complaint was untimely, as the PHRA requires "complaints to be filed within 180 days after the date of the occurrence of the alleged unlawful discriminatory practice."

failing to stop harassment, and by retaliating against him. Plaintiff also indicated that SEPTA had discriminated against him based on his race.

## II. STANDARD OF REVIEW

Plaintiff will be granted leave to proceed *in forma pauperis* because it appears he is not capable of prepaying the fees required to commence this action. However, a court is required to dismiss a complaint filed *in forma pauperis* "at any time" if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. Id. "[T]he plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of employment discrimination." Fowler v. UMPC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Accordingly, courts evaluating the viability of an employment discrimination complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted).

Additionally, a court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); see also McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010).

3

And because Plaintiff is proceeding *pro se*, his allegations must be construed liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

**III. DISCUSSION**

To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position he sought; (3) he was rejected for the position despite his qualifications, and; (4) the rejection occurred under circumstances giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). To establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in activity protected by Title VII; (2) his employer took an adverse action against him; and (3) there was a causal connection between the participation in the protected activity and the adverse employment action. See Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006).

To state a claim for employment discrimination under the ADA and the PHRA, a plaintiff must allege that he is a "qualified individual with a disability" within the meaning of the ADA, and that he suffered an adverse employment decision as a result of the discrimination. Tice v. Ctr. Area Transp. Auth., 247 F.3d 506, 511-12 (3d Cir. 2001); Hudson v. Catch, Inc., No. 16-2032, 2016 WL 8716462, at *5 n.5 (E.D. Pa. Oct. 7, 2016) (noting that "[t]he elements that a plaintiff must allege to state a claim under the PHRA are substantially the same as those stated in Section 12102" of the ADA). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler, 578 F.3d at 213 (quotations omitted).

4

Here, Plaintiff has not alleged any facts supporting his conclusory allegations that SEPTA discriminated or retaliated against him. Nothing in the complaint suggests that Plaintiff was in any way subject to unlawful retaliation. Moreover, while Plaintiff has indicated that SEPTA discriminated against him based on his race and disability, he has not described his race and the nature of his disability or explained how he was discriminated against because of that race and disability. As the complaint does not contain anything more than conclusory allegations of discrimination, Plaintiff has failed to state a claim. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Moreover, Plaintiff's claims of discrimination are barred by his untimeliness in asserting his claims. Plaintiff was required to file a complaint with the EEOC "within 300 days of the allegedly unlawful employment practice." Kim v. I.R.S., 522 F. App'x 157, 158 (3d Cir. 2013 (quoting Madel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013)). Plaintiff was also required to file his complaint under the PHRA with the Commission within 180 days of the allegedly discriminatory act. See Van Cleve v. Nordstrom, Inc., 64 F. Supp. 2d 459, 463 (E.D. Pa. 1999). Plaintiff did not timely file his complaints with the EEOC and the Commission. Thus, Plaintiff's claims are also subject to dismissal for being untimely. See Kim, 522 F. App'x at 158; see also Farris v. Shinseki, 660 F.3d 557, 563 (1st Cir. 2011) ("[F]ailure to comply with an agency's applicable time limit may expose the plaintiff's federal law suit to dismissal . . . .").

Statutes of limitations governing employment discrimination cases are subject to equitable tolling "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented

from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). But "equitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." In re Mushroom Transp. Co., 382 F.3d 325, 339 (3d Cir. 2004).

It is apparent from Plaintiff's complaint that he was aware of the facts underlying his claims more than twenty years ago. To the extent that Plaintiff claims he was unable to find an attorney to represent him, that fact does not constitute an extraordinary circumstance that would excuse Plaintiff's failure to timely assert his rights. See Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007). Moreover, any personal hardships endured by Plaintiff do not excuse his long delay in filing suit. See Rockmore v. Harrisburg Property Serv., 501 F. App'x 161, 164 (3d Cir. 2012).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint will be dismissed.[3] I conclude that amendment would be futile because plaintiff's claims are time-barred. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). Plaintiff's request for the appointment of counsel will be denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim").

---

[3] As noted above, Plaintiff also named "Workers Comp" as a defendant in this matter. To the extent that Plaintiff's complaint raises a workers compensation claim, the Pennsylvania Workers' Compensation Act and the system provided therein "is 'the exclusive forum for redress of injuries in any way related to the workplace.'" Malone v. Specialty Prods. & Insulation Co., 85 F. Supp. 2d 503, 507 (E.D. Pa. 2000) (quoting Kuney v. PMA Ins. Co., 525 Pa. 171, 176 (1990)).

Plaintiff also named "Christina Barbieri Assoc." as a defendant. But the complaint does not specify any allegations or claims against this defendant.

An appropriate order follows.